OPINION *Page 2 
{¶ 1} Appellant Richard Martin appeals the February 11, 2008 Judgment Entry entered by the Stark County Court of Common Pleas, Juvenile Division, which overruled his objections to the magistrate's December 21, 2007 Decision, and approved and adopted such decision as order of the court. Appellee is Sarah Beth Stose.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and Appellee are the biological parents of Landon Stose (DOB 1/30/07). The parties lived together, but were never married. Prior to Landon's birth, the parties separated. On February 6, 2007, Appellant filed a Motion for Parental Rights and Responsibilities, seeking custody of Landon, or, in the alternative, shared parenting. The trial court issued temporary orders on March 27, 2007, granting Appellant two (2) ½ hour visits with the child three (3) times/week. Upon agreement of the parties, the visits were to increase to four (4) hours/visit three (3) times/week as well as an additional four (4) hours on alternating Fridays and Saturdays. The trial court appointed a guardian ad litem for the child.
 {¶ 3} Via Judgment Entry filed April 11, 2007, the trial court ordered Appellant to pay child support in the amount of $750/month, commencing May 1, 2007. The Guardian filed his report on July 17, 2007. Via Judgment Entry filed July 19, 2007, the trial court increased Appellant's visitation to two (2) days/week for eight (8) hours/visit. The trial court also ordered the parties to participate in a settlement conference. The Guardian filed a settlement conference report on August 20, 2007, advising the trial court the parties made no progress on the basic issue of a companionship time *Page 3 
schedule. The parties requested the Guardian submit a specific parenting time proposal, which was also included in the report.
 {¶ 4} The matter proceeded to hearing before the magistrate on December 6, 2007. The magistrate issued his decision on December 21, 2007, recommending Appellee be granted legal custody of the minor child, and be given the tax dependency exemption. Appellant filed timely objections thereto. The trial court scheduled a hearing on the objections for February 11, 2008. Following the hearing, the trial court overruled Appellant's objections, and approved and adopted the magistrate's decision as order of the court. The trial court memorialized its ruling via Judgment Entry filed February 11, 2008.
 {¶ 5} It is from this judgment entry Appellant appeals, raising two assignments of error:
 {¶ 6} "I. THE TRIAL COURT'S ORDER SHOULD BE VACATED BECAUSE THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING LEGAL CUSTODY OF LANDON JAMES STOSE TO THE MOTHER, SARAH STOSE WHEN SUCH ORDER WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE TO BE IN THE BEST INTERESTS OF THE CHILD.
 {¶ 7} "II. THE TRIAL COURT COMMITTED ERROR WHEN IT FOUND THAT SARAH STOSE WOULD BE ENTITLED TO CLAIM LANDON AS A DEPENDENT FOR TAX EXEMPTION PURPOSES." *Page 4 
 I {¶ 8} In his first assignment of error, Appellant contends the trial court erred by granting legal custody of Landon to Appellee as the decision was not supported by clear and convincing evidence to be in the best interest of the child.
 {¶ 9} The standard of review in initial custody cases is whether the trial court abused its discretion. Davis v. Flickinger,77 Ohio St.3d 415, 416-17, 1997-Ohio-260. More than mere error of judgment, an abuse of discretion requires that the court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Given the nature and impact of custody disputes, the juvenile court's discretion will be accorded paramount deference because the trial court is best suited to determine the credibility of testimony and integrity of evidence. Gamble v. Gamble, Butler App. No. CA2006-10-265, 2008-Ohio-1015, ¶ 28. Specifically, "the knowledge a trial court gains through observing witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." Miller v. Miller (1988), 37 Ohio St.3d 71, 74. Therefore, giving the trial court due deference, a reviewing court will not reverse the findings of a trial court when the award of custody is supported by a substantial amount of credible and competent evidence. Davis, supra at 418.
 {¶ 10} The juvenile court must exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04. R.C. 3109.04(B)(1) governs initial custody awards, and provides: "When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into *Page 5 
account that which would be in the best interest of the children." Because this action involved an original determination of custody of a child of an unmarried mother, R.C. 3109.042 is applicable.
 {¶ 11} The trial court must balance the competing interests of the natural parents with the child's best interests to determine if either parent would be a suitable custodian for the child. R.C. 3109.042
requires the court to treat each parent as standing upon equal footing. In other words, when a trial court makes a custody determination pursuant to R.C. 3109.042, neither party is entitled to a strong presumption in his or her favor. Although R.C. 3109.042 confers a default status on the mother as the residential parent until an order is issued by the trial court designating the residential parent and legal guardian, such default status is not, in and of itself, a decree allocating parental rights and responsibilities to the mother. Under these circumstances, the trial court's custody determination need only be based on the best interests of the child according to R.C. 3109.04(B)(1).
 {¶ 12} In the instant action, the magistrate did not make a determination as to shared parenting, finding neither party filed a shared parenting plan as required by R.C. 3109.04(G). The magistrate subsequently noted Appellant presented Exhibit "A", which "contained a detailed parenting time schedule, a request for shared parental rights and a stipulation to pay monthly child support." Magistrate's Decision at 4. Appellant contends this exhibit constituted his shared parenting plan.
 {¶ 13} Assuming, arguendo, Exhibit "A" was a properly filed shared parenting plan pursuant to R.C. 3109.04(G), we, nonetheless, find the trial court did not abuse its discretion in failing to order a shared parenting plan. We further find there was *Page 6 
competent and credible evidence before the Magistrate to support the designation of Appellee as residential parent and legal custodian.
 {¶ 14} The record reveals Landon was less than a year old when this matter came on for hearing before the Magistrate. The child had resided with Appellee since his birth. Appellant had extensive visitation with his son, and the trial court retained jurisdiction over the matter should modification become appropriate in the future as the child grows. Appellant did not present any evidence his having more time with Landon would be in the child's best interest. Certainly, we applaud and appreciate a father who wants to spend as much time as possible with his child, however, such desire does not equate into the best interest of the child.
 {¶ 15} Appellant's first assignment of error is overruled.
 II {¶ 16} In his second assignment of error, Appellant maintains the trial court erred by awarding the tax dependency exemption to Appellee. Appellant contends he would receive a net tax savings from the exemption.
 {¶ 17} A trial court enjoys broad discretion when allocating tax dependency exemptions, and absent a showing of an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court." Geschke v. Geschke, Medina App. No. 3266-M, 2002-Ohio-5426,2002 WL 31255752, at ¶ 32, citing Morgan v. Morgan (Oct. 24, 2001), Wayne App. No. 01CA0017, unreported; Deckerd v. Deckerd (Dec. 18, 1996), Columbiana App. No. 95-CO-33, unreported.
 {¶ 18} R.C. 3119.82 sets forth the procedure a trial court must follow when determining which party should receive the dependency exemption and states: *Page 7 
 {¶ 19} "If the parties do not agree, the court, in its order, may permit the parent who is not the residential parent and legal custodian to claim the children as dependents for federal income tax purposes only if the court determines that this furthers the best interest of the children * * * In cases in which the parties do not agree which parent may claim the children as dependents, the court shall consider, in making its determination, any net tax savings, the relative financial circumstances and needs of the parents and children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or other state or federal tax credit, and any other relevant factor concerning the best interest of the children."
 {¶ 20} Presumptively, under the Internal Revenue Code, the residential parent receives the tax dependency exemption. Singer v. Dickinson
(1992), 63 Ohio St.3d 408, 411. A trial court may award the tax exemption to a nonresidential parent if it finds that doing so would produce a net tax savings for the parents, thereby furthering the child's best interests. Id. at 415; Bobo v. Jewell (1988),38 Ohio St.3d 330, 332. "Such savings would occur through allocation to the non[-residential] parent only if the non[-residential] parent's taxable income falls into a higher tax bracket than the tax bracket of the custodial parent." Singer, 63 Ohio St.3d at 415-16. "In determining whether taxes would be saved by allocating the federal tax dependency exemption to the noncustodial parent, a court should review all pertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Id. at 416. InSinger, the Supreme *Page 8 
Court pointedly remarked that the trial court "did not consider any of these facts." Id. at 416.
 {¶ 21} Upon review of the record, we find neither party presented any evidence establishing he/she would receive a net tax savings from the tax dependency exemption. We find when the parties fail to present evidence, the presumption controls. See Singer, supra; R.C. 3119.82
(both presuming the residential parent should receive the dependency exemption and prohibiting the court from awarding the exemption to the nonresidential parent unless the enumerated factors justify it). In the absence of evidence showing the nonresidential parent would receive a net tax savings from the dependency exemption, the court must employ the presumption that the dependency exemption belongs to the residential parent. Accordingly, we find the trial court did not abuse its discretion in awarding the tax dependency exemption to Appellee.
 {¶ 22} Appellant's second assignment of error is overruled.
 {¶ 23} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
 Hoffman, P.J., Edwards, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs to Appellant. *Page 1